IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL HOBRO, | ) | Civ. No. 21-00322 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER ON THE PARTIES' MOTIONS IN LIMINE**

Plaintiff Daniel Hobro was terminated from his employment as a Customer Care Agent with Defendant United Airlines, Inc. ("Defendant United Airlines") on May 20, 2020.

Plaintiff claims his termination constituted disability discrimination in violation of Title I of the Americans With Disabilities Act of 1990.

Plaintiff asserts he worked for Defendant nearing twenty years. He claims that over time he developed a hearing impairment and he requested accommodations, but he was instead terminated.

Defendant United Airlines claims that it did not discriminate against Plaintiff. It argues that Plaintiff was no longer qualified to perform his position as a Customer Care Agent at the time of his termination. Defendant United Airlines argues

1

that Plaintiff was terminated for failure to perform his job efficiently.

This Order rules on the Parties' Motions in Limine:

**PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff's Motion in Limine No. 1 (ECF No. 59);

Plaintiff's Motion in Limine No. 2 (ECF No. 60).


**DEFENDANT'S MOTIONS IN LIMINE**

Defendant's Motion in Limine No. 1 (ECF No. 61);

Defendant's Motion in Limine No. 2 (ECF No. 62);

Defendant's Motion in Limine No. 3 (ECF No. 63);

Defendant's Motion in Limine No. 4 (ECF No. 64);

Defendant's Motion in Limine No. 5 (ECF Nos. 65, 67);

Defendant's Motion in Limine No. 6 (ECF No. 66);

Defendant's Motion in Limine No. 7 (ECF No. 68);

Defendant's Motion in Limine No. 8 (ECF No. 69).


**<u>PLAINTIFF'S MOTION IN LIMINE NO. 1</u>:**          **To Preclude Evidence Or Argument Speculating On Plaintiff's Motives In Filing Suit (ECF No. 59)**

Plaintiff Hobro seeks to preclude Defendant United Airlines from speculating as to the reasons Plaintiff filed suit.  He also seeks to prevent Defendant from arguing that Plaintiff only filed suit out of greed or as a way to get revenge against his former employer.

Defendant United Airlines filed a Statement of No Position as the Motion.  (Def.'s Statement of No Position, ECF No. 74). Defendant must object to a Motion if it opposes it.  The Court construes Defendant's position as not opposing Plaintiff's Motion.

Evidence of a party's litigation history or motivation for filing a lawsuit is generally inadmissible due to the danger of unfair prejudice, confusion of the issues, and wasting time. Fed. R. Evid. 403; <u>Vasquez v. Leprino Foods Co.</u>, 2023 WL 2167245, at *24 (E.D. Cal. Feb. 23, 2023).

Defendant has not offered any reason to introduce evidence that would speculate as to Plaintiff's motivation for filing suit.

Plaintiff's Motion in Limine No. 1 (ECF No. 59) is **GRANTED**. Defendant United Airlines is precluded from introducing evidence or argument speculating as to Plaintiff's motives for filing suit.

| | |
|---|---|
| <u>**PLAINTIFF'S MOTION IN LIMINE NO. 2**</u>: | **To Preclude Evidence Or Testimony Regarding Collateral Source Benefits (ECF No. 60)** |
| <u>**DEFENDANT'S MOTION IN LIMINE NO. 7**</u>: | **To Admit Plaintiff's Social Security Records (ECF No. 68)** |

Plaintiff seeks to preclude Defendant United Airlines from

introducing evidence that following Plaintiff's termination, he applied for and received disability benefits from the Social Security Administration.

Defendant United Airlines seeks to introduce the complete records of Plaintiff's Social Security case.

The collateral source rule bars a tortfeasor from reducing the amount of damages owed to a plaintiff by the amount of plaintiff's recovery for the same injury from insurance or other sources independent of the tortfeasor. Ishikawa v. Delta Airlines, Inc., 343 F.3d 1129, 1134 (9th Cir. 2003). Evidence that the plaintiff has been reimbursed or received payments for the injury from a collateral source is generally inadmissible because such evidence may unduly prejudice the jury in rendering its decision. See Franklin Supply Co. v. Tolman, 454 F.2d 1059, 1074 (9th Cir. 1971).

Courts have held that evidence that the plaintiff was awarded benefits from the Social Security Administration is barred by the collateral source rule. Henderson v. Chicago Cubs Baseball Club, LLC, 2018 WL 3326684, at *1-2 (C.D. Cal. June 14, 2018) (finding that the collateral source rule bars discovery of Plaintiff's income from Social Security because the payments are from a source independent of the employer); see also Tse v. New York Univ., 190 F. Supp. 3d 366, 373-74 (S.D.N.Y. 2016).

The Social Security Administration's decision to award

benefits to Plaintiff is not admissible before the jury, but the fact that the Plaintiff applied for disability benefits from the Social Security Administration may be of limited relevance.

The Court addressed this issue in its Order Granting, In Part, And Denying, In Part, Defendants' Motion for Summary Judgment. (ECF No. 49). The Court held that Plaintiff's application for benefits is not dispositive of whether Plaintiff was discriminated against or whether he was able to perform the essential functions of his position when he was terminated. (Id. at p. 24). The Court explained in its Order on Summary Judgment:

> Contrary to Defendants' position, the fact that Plaintiff subsequently applied for social security disability does not preclude Plaintiff from asserting that he could perform the essential functions of the position with a reasonable accommodation. Cleveland v. Pol'y Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999) (explaining that a plaintiff should have the opportunity at trial to present or contest discrepancies about her ability to perform the essential functions of the position with or without reasonable accommodations, including inconsistencies with an application for social security disability insurance).

(Id.)

There may be statements that Plaintiff made to the Social Security Administration concerning the nature and scope of his disability relevant to his ADA discrimination claim at trial. Relevant evidence concerning Plaintiff's application for Social Security Disability Insurance benefits may be admissible on a limited basis, as follows:

First, Defendant may not introduce Plaintiff's entire administrative proceeding before the Social Security Administration at trial.  Introducing the entire record would be confusing to the jury and too time consuming. Fed. R. Evid. 403.

Second, Defendant may not introduce evidence concerning the adjudication or outcome of Plaintiff's social security disability claim.  The findings by the agency and the adjudicative process are irrelevant, would confuse the issues, and are too prejudicial to be admissible.  See Davis v. CVS Pharmacy, Inc., 2023 WL 2558412, at *3 (C.D. Cal. Feb. 10, 2023).  The Social Security Administration's decision to award benefits is not admissible because it is prejudicial, applies a different legal standard, and is not dispositive of Plaintiff's ADA claim.  Cleveland, 504 U.S. at 803; Santo v. EFCO Forms, 2005 WL 8176409, at *2 (E.D. Cal. Sept. 21, 2005).

Third, in order for Defendant United Airlines to introduce evidence regarding Plaintiff's application for Social Security Disability Insurance benefits, Defendant must identify the specific statement that Plaintiff made that it seeks to introduce.  The statement must be made by Plaintiff to the Social Security Administration about his ability to perform his work during the time he was employed with United Airlines in order to be relevant.  Statements made by attorneys, medical professionals, or social security officials are not admissible.

6

Fourth, in order for the statement to be probative, it must be related to Plaintiff's ability to perform the essential functions of the Customer Care Agent position for which he was employed.  The Court will balance the probative value of the statements against any prejudicial effect pursuant to Fed. R. Evid. 403.

Fifth, if the Court finds there is a statement of sufficient probative value to outweigh any prejudicial effect pursuant to Fed. R. Evid. 403, Plaintiff will be afforded an opportunity to explain any apparent conflict between the statement made by Plaintiff regarding his request for disability benefits and his ADA claim.  Smith v. Clark Cnty. School Dist., 727 F.3d 950, 958 (9th Cir. 2013).

Defendant may not argue to the jury that Plaintiff's application for Social Security Disability Insurance benefits should preclude Plaintiff's ADA disability claim.  Cleveland, 526 U.S. at 806.

The United States Supreme Court has explained that there are many situations in which a SSDI claim and an ADA claim "can comfortably exist side by side" and that an attempt to foreclose an ADA claim based on a successful social security claim is inappropriate.  Cleveland, 526 at 802-03.  This is in part because the Social Security Administration does not take into account the possibility than an individual could continue to work

with a reasonable accommodation.  Id. at 803.  "The result is
that an ADA suit claiming that the plaintiff can perform her job
*with* reasonable accommodation may well prove consistent with an
SSDI claim that the plaintiff could not perform her own job (or
other jobs) *without* it."  Id.

Plaintiff's Motion In Limine No. 2: To Preclude Evidence Or
Testimony Regarding Collateral Source Benefits (ECF No. 60) is
**GRANTED, IN PART, and DENIED, IN PART.**

Defendant's Motion In Limine No. 7: To Admit Plaintiff's
Social Security Records (ECF No. 68) is **GRANTED, IN PART, and
DENIED, IN PART.**

Defendant is precluded from introducing Plaintiff's entire
Social Security Administration record.  The findings of the
Social Security Administration and its decision to award benefits
are not admissible.

The evidence is limited to statements by Plaintiff to the
Social Security Administration that are of sufficient relevance
and probative weight that concern Plaintiff's ability to perform
the essential functions of his position as a Customer Care Agent
before his termination on May 20, 2020.

Defendant must provide the Court with any statement it
wishes to introduce in order for the Court to evaluate its
admissibility and weigh its probative value against any potential
prejudice pursuant to Fed. R. Evid. 403.

Plaintiff will be afforded the opportunity to explain any apparent conflict between a statement he made to the Social Security Administration and his claim pursuant to the ADA.

**DEFENDANT'S MOTION IN LIMINE NO. 1:** **Regarding Plaintiff's Special, Compensatory/ General and Punitive Damages (ECF No. 61)**

Defendant filed a Motion in Limine seeking to exclude any evidence of Plaintiff's special, compensatory/general, and punitive damages and precluding Plaintiff from seeking, submitting evidence of, or arguing such damages at trial.

Defendant argues that Plaintiff failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and should be precluded from introducing damages evidence pursuant to Fed. R. Civ. P. 37(c)(1).

### A.  Plaintiff Disclosed Each Category Of Damages In Its Initial Disclosures

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to exchange initial disclosures that include:

> a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

On September 14, 2021, Plaintiff served his Rule 26 Initial

Disclosures on Defendant, which included in relevant part:

DAMAGE CALCULATION

Plaintiff seeks monetary damages in the following categories:

Economic Losses (lost back wages; lost front wages; lost benefits; liquidated damages; pre judgment interest);

Compensatory Damages (emotional distress; humiliation; prejudgment interest; attorneys' fees);

Punitive Damages

(Plaintiff's Rule 26 Initial Disclosures, ECF No. 61-3, p. 13).

Defendant argues Plaintiff failed in his initial disclosures to set forth the computation of damages and to provide documents in support of his claim for damages.

A review of the disclosure demonstrates that Plaintiff properly provided the categories of his alleged damages, but he failed to provide a computation for each category as required by Fed. R. Civ. P. 26(a)(1)(iii).

Following the disclosure, Defendant did not move to compel disclosure or request the imposition of sanctions against Plaintiff, as permitted by Fed. R. Civ. P. 37(a) and (c).

**B.   Plaintiff Did Not Answer The Questions Related To Damages In Defendant's Request For Answers To Interrogatories**

On September 29, 2021, in response to Defendant's Request for Answers to Interrogatories, Plaintiff objected and did not respond substantively to the six-part question on damages.

Plaintiff concluded that the total number of questions being asked in the interrogatories exceeded the limit permitted by Federal Rule of Civil Procedure 33(a)(1).  Plaintiff only answered twenty-five questions, stopping before the questions on damages.

### C.   Plaintiff Disclosed A Computation For Each Category Of Damages In Its Settlement Demand Letter To Defendant

Federal Rule of Civil Procedure 26(e)(1) requires the disclosing party to supplement or correct an incomplete or incorrect disclosure.

On November 3, 2021, Plaintiff supplemented the record on the issue of damage computation by way of a settlement demand letter.  The letter included a computation for each category of damages that was originally listed in the initial disclosures:

> Mr. Hobro's monetary damages...consist of back pay, front pay, and damages for emotional distress, humiliation, and lost enjoyment of life..., as follows:
>
> Economic Losses:
>
> Lost/diminished wages from May 4, 2020
> through (back pay):                     $92,944
>
> Future Lost Wages
> (front pay to retirement):              $557,667
>
> Lifetime Flight Benefits:               $100,000 (est.)
>
> Lifetime Medical Benefits:              $60,000 (est.)
>
> General Damages:
>
> Emotional Distress:                     $50,000

```
Humiliation:                          $50,000

Loss Enjoyment of Life:               $50,000

Attorneys' Fees:                      $15,000 (to date)

Total:                                $975,611
```

This does not include any additional pension income that Mr. Hobro would have accrued with continued employment.

(Plaintiff's Demand Letter, ECF No. 71-2, p. 4).

### D. Plaintiff's Failure To Comply With Fed. R. Civ. P. 26(a)(1)(A)(iii) Is Harmless

Federal Rule of Civil Procedure 37 states that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information on a motion, at a hearing, or at a trial unless the failure was substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).

The burden is on the party facing the sanction to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless.  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-07 (9th Cir. 2001).

Plaintiff failed to adhere to the technical requirements of Rule 26(a), but the failure was harmless because Plaintiff disclosed to Defendant the categories and computations of his damages nearly nine months in advance of the July 29, 2022 discovery deadline.

Defendant does not explain how it was prejudiced by the method and timing of the computation disclosures.  Even without

12

the disclosures, Defendant as Plaintiff's former employer already had access to the amount of Plaintiff's lost wages and benefits. Maharaj v. California Bank & Tr., 288 F.R.D. 458, 463 (E.D. Cal. 2013) (Plaintiff's failure to disclose analysis of her computation of past or future economic damages is harmless since the information on which the damages are calculated is already in Defendant's possession).

The remaining compensatory and punitive damages categories are not readily amendable to computation. Id. Their computation is an inexact process ultimately left to the fact-finder after considering the totality of the evidence.

Disclosing the computation of all three damages categories via settlement demand letter versus initial disclosures did not prejudice Defendant and would have had negligible effect on the preparation of its case.

Defendant's Motion in Limine No. 1 is **DENIED**.

Plaintiff may introduce evidence at trial of his special, compensatory/general, and punitive damages.

**DEFENDANT'S MOTION IN LIMINE NO. 2**:      **To Exclude Evidence of the Equitable Remedies of Front And Back Pay (ECF No. 62)**

Defendant's Motion in Limine No. 2 seeks to exclude evidence about back pay and front pay. Defendant argues that such evidence is irrelevant because back pay and front pay are

equitable remedies to be decided by the Court, not the jury.
Defendant further argues that evidence of back pay and front pay
should be excluded because its probative value is substantially
outweighed by the danger of unfair prejudice.

The ADA authorizes the Court to award back pay and front pay
as equitable remedies.  <u>Carlson v. City of Spokane</u>, 2015 WL
11112412, at *2 (E.D. Wash. Jan. 28, 2015) (citing 42 U.S.C.
§ 1981a and collecting cases).  The trial court decides how much
a prevailing plaintiff should receive in back pay or front pay
pursuant to the ADA.  <u>Id.</u>

Federal Rule of Civil Procedure 39(c)(1) authorizes the
Court to utilize an advisory jury to try equitable issues.
Courts have frequently used Rule 39(c)(1) in ADA cases to receive
an advisory verdict from the jury on back pay and front pay.
<u>See</u>, <u>e.g.</u>, <u>Carlson</u>, 2015 WL 11112412, at *3; <u>Campbell v. Union
Pac. R.R. Co.</u>, 2021 WL 2955897, at *1 (D. Idaho July 13, 2021).

The issue of front and back pay will be submitted to the
jury on an advisory basis.  Evidence regarding front and back pay
is admissible at trial as it is relevant for the jury to reach an
advisory verdict on the issue.  Such evidence presents a minimal
risk of prejudice that is outweighed by the benefits achieved
through use of the advisory jury under Rule 39(c)(1).  <u>Alibang v.
Tesoro Hawaii Corp.</u>, No. CV 08-00130 PMP, 2009 WL 10677140, at *1
(D. Haw. Nov. 24, 2009).  The benefits include the efficient

14

presentation of evidence and resolution of any intertwined factual issues.  Id.

Defendant's Motion in Limine No. 2 (ECF No. 62) is **DENIED.** Plaintiff is permitted to introduce evidence to allow the jury to give an advisory verdict on front pay and back pay pursuant to Fed. R. Civ. P. 39(c)(1).

**DEFENDANT'S MOTION IN LIMINE NO. 3:**        **To Exclude Dr. Kevin Hadley's Expert Opinions (ECF No. 63)**

Defendant United Airlines, Inc. filed Motion in Limine No. 3 seeking to preclude Plaintiff from calling his treating physician, Dr. Kevin Hadley, as an expert witness.

Defendant argues that Plaintiff failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(C) and should be precluded from introducing Dr. Hadley's expert opinions pursuant to Fed. R. Civ. P. 37(c)(1).

### A.    BACKGROUND

On June 21, 2021, Plaintiff filed his Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (ECF No. 1-2).

On July 26, 2021, Defendant United Airlines removed the Complaint from Hawaii State Court to the United States District Court for the District of Hawaii.  (ECF No. 1).

15

On August 30, 2021, the Magistrate Judge held a Rule 16 Scheduling Conference and issued the Scheduling Order.  (ECF Nos. 12-13).

Pursuant to the Rule 16 Scheduling Order, Plaintiff's expert witness disclosures pursuant to Fed. R. Civ. 26(a)(2) were due by March 28, 2022.  (Scheduling Order at ¶ 10, ECF No. 13).

On March 28, 2022, Plaintiff served his Disclosure Of Expert Witness.  (ECF No. 28).  The entirety of the disclosure was as follows:

> Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Daniel Hobro ("Plaintiff"), hereby discloses his following expert witness:
>
> KEVIN HADLEY, M.D.
> [address]
>
> **Expert Witness's Scope of Work and Qualifications:**
> Dr. Hadley is a board certified Otolaryngologist and Neurotologist and treated Plaintiff Hobro in connection with his hearing loss.  He is expected to give percipient expert testimony, as well as rebuttal testimony as necessary.  Records reflecting Dr. Hadley's evaluations are attached.  It is Plaintiff's understanding that Defendants have also obtained copies of Dr. Hadley's records directly through a release provided by Mr. Hobro in September 2021.  Any prior records that are not included here will be provided forthwith.
> Plaintiff reserves the right to amend or supplement his disclosure upon notice to the parties.

(Pl.'s Expert Disclosure, attached as Ex. A to Def.'s MIL #3, ECF No. 63-3).

Plaintiff never supplemented his expert witness disclosure.

16

### B.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(a)(2), a treating physician who is being called as an expert witness is not required to provide a written report, but the party offering the treating physician as an expert witness is required to provide a disclosure that must state:

> (i)   the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and

> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C); see Transoceanic Cable Ship Co. v. Bautista, 17-cv-00209 ACK-KSC, 2018 WL 3521174, at *2 (D. Haw. July 20, 2018) (citing Republic of Ecuador v. Mackay, 742 F.3d 860, 865 n.1 (9th Cir. 2014)).

Absent a stipulation or order from the Court, such disclosures must be made at least 90 days before the trial date. Fed. R. Civ. P. 26(a)(2)(D)(i).

### 1.   Plaintiff Failed To Disclose A Summary of The Facts And Opinions To Which Dr. Hadley Is Expected To Testify

Rule 26(a)(2)(C) specifically requires that the offering party disclose "the subject matter" and "a summary of the facts and opinions" about which the treating physician is expected to testify. Mueller v. Dep't of Pub. Safety, 2021 WL 5138428, at *3

(D. Haw. Nov. 4, 2021).  Courts in the Ninth Circuit interpret Rule 26(a)(2)(C)'s disclosures as a requirement to fairly inform the other party of the substance and basis of a non-retained expert witness's testimony.  Id.; Transoceanic, 2018 WL 3521174, at *3; Cooke v. Town of Colo. City, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013).

Plaintiff did not comply with Rule 26(a)(2)(C) and did not provide a summary of the facts and opinions to which Dr. Hadley is expected to testify.  It is insufficient to merely disclose his name and state that he treated Plaintiff and "is expected to give percipient expert testimony, as well as rebuttal testimony as necessary."  The Federal Rules of Civil Procedure require a summary of the facts and the opinions of a treating physician witness.  Robinson v. HD Supply, Inc., 2013 WL 5817555, at *2 (E.D. Cal. Oct. 29, 2013).

The fact that voluminous treatment records were also disclosed does not alter the analysis.  Without the summary disclosure required by Rule 26(a)(2)(C), both the Defendant and the Court are left guessing as to the relevance, probability, and scope of Dr. Hadley's proposed testimony just days before trial.

Courts have summarily rejected the argument that disclosure of treatment records satisfies the obligations pursuant to Rule 26(a)(2)(C).  Jones v. Colo. Cas. Ins. Co., 2015 WL 6123125, at *4 (D. Ariz. Oct. 19, 2015) (collecting cases); Mueller, 2021 WL

18

5138428, at *4.  Allowing a party to provide medical records in
lieu of the requirements of Rule 26(a)(C) is contrary to the
scope, intent, and purpose of the rule.  <u>Ballinger v. Casey's
Gen. Store, Inc.</u>, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29,
2012).

> ### 2. Plaintiff's Failure To Comply With Fed. R. Civ. P. 26(a)(2)(C) Is Not Substantially Justified Or Harmless

Federal Rule of Civil Procedure 37 operates as the
enforcement mechanism for Fed. R. Civ. P. 26(a) and provides the
remedies for a party's failure to comply with Rule 26.  <u>Yeti by
Molly, Ltd.</u>, 259 F.3d at 1106.

Rule 37(c) explains that if a party fails to provide
information or identify a witness as required by Rule 26(a) or
(e), the party may not be allowed to use that information or
witness to supply evidence on a motion, at a hearing, or at a
trial, unless the failure was substantially justified or is
harmless.  Fed. R. Civ. P. 37(c)(1).

The burden is on the party facing the sanction to
demonstrate that the failure to comply with Rule 26(a) is
substantially justified or harmless.  <u>Torres v. City of Los
Angeles</u>, 548 F.3d 1197, 1213 (9th Cir. 2008).  Plaintiff has
failed to meet his burden.  Plaintiff has provided no
justification for his failure to comply with the Rules.

Plaintiff's argument that Defendant was provided with Plaintiff's medical records and had the opportunity to depose Plaintiff is not persuasive.  As previously explained, the treatment records by Dr. Hadley do not satisfy Plaintiff's obligation to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(C).  In addition, Plaintiff's deposition does not provide notice as to Dr. Hadley's opinions or satisfy the requirements of Rule 26(a)(2)(C).  Allowing Plaintiff to rely on his own deposition rather than a summary of Dr. Hadley's opinions and the requirements of Rule 26(a)(C) would be contrary to the scope, intent, and purpose of the rule.

This case is nearly two years old, and it covers events taking place more than a year before the filing of the Complaint. Plaintiff has provided no explanation, reason, or analysis that would permit the expert testimony of Dr. Hadley as a treating physician in violation of the Federal Rules of Civil Procedure.

### 3.   Dr. Hadley Is Limited To Providing Lay Witness Testimony

Dr. Hadley may not provide expert testimony because Plaintiff failed to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(C).  Plaintiff may still introduce medical evidence at trial.  Plaintiff's medical records concerning his disability are admissible as they are probative of whether Plaintiff was able to perform the essential functions of

his position.

Plaintiff also provided a letter to Defendant United Airlines in June 2020 from Dr. Hadley concerning Dr. Hadley's assessment of Plaintiff and his opinion that Plaintiff needed an accommodation in his position.  The letter is admissible and Dr. Hadley may discuss the contents of the letter and the basis for his opinion contained in the letter because it was timely disclosed to Defendant.

Dr. Hadley may provide lay witness testimony about the timing and frequency of any visits with Plaintiff and what he perceived and did during the visits.

Defendant's Motion in Limine No. 3 is **GRANTED.**

Plaintiff failed to comply with Federal Rules of Civil Procedure 26(a)(2)(C) that would permit him to call Dr. Kevin Hadley as a treating physician expert witness.  Dr. Hadley may testify as a lay fact witness but may not provide any expert opinion evidence.

**DEFENDANT'S MOTION IN LIMINE NO. 4:**       **To Exclude Undisclosed Lay Witnesses (ECF No. 64)**

Defendant's Motion in Limine No. 4 seeks to exclude testimony from three witnesses: Dr. Annette Shimizu, AJ Islas, and Cherry-Marie Destura.  Defendant argues that their testimony should be excluded because Plaintiff failed to identify them in

his initial disclosures.

Federal Rule of Civil Procedure 26(a) requires that a party disclose the name of each person who is likely to have discoverable information in the case.  If a party fails to identify a witness, the party cannot use the witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

Courts in the Ninth Circuit have used a "five-step decision tree" to determine whether testimony is permissible pursuant to Federal Rules of Civil Procedure 26 and 37:

(1)  Was the witness identified in the Rule 26(f) initial disclosures?

(2)  If not, was the witness identified in a supplemental disclosure pursuant to Rule 26(e)?

(3)  If not, has the witness and his connection to the claims or defenses of the proffering party "otherwise been made known to the other parties during the discovery process or in writing" thereby excusing the failure to supplement pursuant to Rule 26(e)?

(4)  If not, has the proffering party shown that its failure was substantially justified?

(5)  If not, has the proffering party shown that its failure was harmless in order to avoid Rule 37 sanctions?

Rigsbee v. City & Cnty. of Honolulu, No. CV 17-00532 HG-RT, 2019 WL 984275, at *3 (D. Haw. Feb. 28, 2019) (citation omitted).

Plaintiff acknowledges that he did not identify the three witnesses in his initial disclosures.  (ECF No. 86 at p. 3). Plaintiff did not make any supplemental disclosures.

22

### A.   Dr. Annette Shimizu

Dr. Annette Shimizu was not listed on the initial disclosures made by Plaintiff, but Dr. Shimizu became known to the Defendant in the discovery process.  Dr. Shimizu was identified by Plaintiff in his answer to Defendant's interrogatory regarding the people with whom he had discussed the "facts, matters or claims alleged" in his Complaint.  (ECF No. 64-1 at p. 4).

Defendant asked Plaintiff multiple questions about Dr. Shimizu at Plaintiff's deposition on April 4, 2022, spanning nearly five pages of deposition transcript.  (ECF No. 86-2 at pp. 224-28).

Plaintiff's failure to disclose Dr. Shimizu as a witness in his initial disclosures is excused because her identity became known to Defendant during the discovery process and the failure to identify her was harmless.

Plaintiff is permitted to call Dr. Shimizu as a lay witness.

### B.   AJ Islas and Cherry-Marie Destura

Neither AJ Islas nor Cherry-Marie Destura was identified in the initial disclosure and neither witness was identified during the discovery process.  Plaintiff has not shown that his failure to disclose the identities of the two witnesses was harmless. R&R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1246

(9th Cir. 2012).

Plaintiff did not provide notice about his intention to call Ms. Islas and Ms. Destura until he filed his Final Pretrial Statement on February 28, 2023.  (ECF No. 55).  The discovery deadline had been closed for about seven months.  Defendants were left with no time to conduct any discovery in order to learn what either witness may testify about at trial.

Defendant's Motion in Limine No. 4 (ECF No. 64) is **GRANTED, IN PART, and DENIED, IN PART.**

Dr. Annette Shimizu may testify as a lay witness.

AJ Islas and Cherry-Marie Destura may not testify at trial.

**DEFENDANT'S MOTION IN LIMINE NO. 5**:          **To Exclude Testimony Regarding Transfer As A Possible Accommodation (ECF Nos. 65 and 67)**

Defendant seeks to preclude Plaintiff from introducing evidence that he applied for other positions with United Airlines as a reasonable accommodation.

Plaintiff claims that he requested a transfer to a position that required less phone work but the request was denied.

The failure to provide a reasonable accommodation to a qualified individual with a disability can constitute discrimination pursuant to the Americans With Disabilities Act. 42 U.S.C. § 12112(b)(5)(A); Kaplan v. City of N. Las Vegas, 323

F.3d 1226, 1232 (9th Cir. 2003).  Once an employee requests an accommodation, "the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation."  EEOC v. UPS Supply Chain Solutions, 620 F.3d 1103, 1110 (9th Cir. 2010) (citation omitted); see Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002).

The interactive process requires:

(1)   direct communication between the employer and employee to explore in good faith the possible accommodations;

(2)   consideration of the employee's request; and,

(3)   offering an accommodation that is reasonable and effective.

UPS Supply, 620 F.3d at 1110-11.

Employers who fail to engage in the interactive process in good faith face liability under the ADA if a reasonable accommodation would have been possible.  Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1137-38 (9th Cir. 2001).  The evaluation of whether an accommodation is reasonable is a question of fact for the jury.  See Dunlap v. Liberty Nat. Prods, Inc., 878 F.3d 794, 799 (9th Cir. 2017).  The inquiry requires a fact-specific, individualized analysis of the plaintiff's circumstances and the potential accommodations available.  Mark H. v. Hamamoto, 620 F.3d 1090, 1098 (9th Cir. 2010).

Defendant argues that there was no position or transfer available and that Plaintiff's request was not reasonable.

Defendant merely raises fact questions which are for the jury to evaluate.

Plaintiff is not precluded from introducing evidence and argument that he requested accommodations from Defendant, including a job transfer, and that Defendant did not provide the requested accommodation.  As the Court pointed out in its Order on Summary Judgment, "there are disputes of fact as to Plaintiff's requests for reasonable accommodations and each Party's engagement in the interactive process. . . . If there was an interactive process and if it did break down are questions of fact for the jury."  (Order at p. 26, ECF No. 49).

Defendant's Motion in Limine No. 5: To Exclude Testimony Regarding Transfer As A Possible Accommodation (ECF No. 65) is **DENIED**.

Plaintiff may introduce evidence that he requested accommodations from the Defendant.  The question of whether the requests were reasonable, and whether the Parties engaged in an interactive process in good faith to determine whether reasonable accommodations were available, are questions for the jury.

**DEFENDANT'S MOTION IN LIMINE NO. 6**:      **To Prohibit Evidence In Support Of Adjudicated Claims (ECF No. 66)**

Defendant's Motion in Limine No. 6 seeks to exclude evidence regarding the claims that were dismissed in the Court's Order on

Summary Judgment.  Specifically, Defendant seeks to exclude relating to claims pursuant to Haw. Rev. Stat. § 378-2, the Age Discrimination in Employment Act, and Hawaii common law.

Plaintiff argues that some of the evidence bearing on the previously dismissed claims is also related to his remaining ADA claim.

Evidence that is relevant to Plaintiff's claim for disability discrimination pursuant to the ADA is admissible whether or not it might have also been related to a previously dismissed claim.  Evidence that is unrelated to Plaintiff's ADA claim is irrelevant and inadmissible.  See Ramos v. Wells Fargo Home Mortg., 2019 WL 2717095, at *6 (D. Ariz. June 28, 2019).

Defendant's Motion in Limine No. 6 (ECF No. 66) is **GRANTED, IN PART, AND DENIED IN PART.**

Plaintiff is permitted to introduce evidence that is relevant to his ADA claim, including evidence relating to damages and potential defenses to that claim.

Defendant may raise an objection at trial if it believes that a particular argument or piece of evidence is irrelevant to Plaintiff's ADA claim and is instead seeking to introduce evidence that is solely related to Plaintiff's previously dismissed claims.

**DEFENDANT'S MOTION IN LIMINE NO. 8:**     Regarding Defendant's Financial Condition (ECF No. 69)

Defendant's Motion in Limine No. 8 seeks to exclude evidence regarding Defendant's financial condition.

Evidence regarding a defendant's financial condition may be relevant to the evaluation of the reasonableness of a plaintiff's requested accommodations where a defendant raises a defense of undue hardship. Coachman v. Seattle Auto Mgmt. Inc., 2018 WL 4510067, at *4 (W.D. Wash. Sept. 20, 2018) (explaining that "the financial condition of Defendants is directly relevant to Defendants' ability to offer various accommodations"); Guerra v. W. Los Angeles Coll., 2017 WL 10562680, at *2 (C.D. Cal. Sept. 28, 2017) (finding that "costs and budgetary constraints are relevant to the reasonableness of Plaintiff's proposed accommodation").

Defendant represented to the Court that it is not asserting an undue hardship defense.

Evidence regarding the Defendant's financial condition is not relevant to compensatory damages, but it is relevant to punitive damages if Plaintiff establishes a prima facie case. Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977); see White v. Ford Motor Co., 500 F.3d 963, 976-7 (9th Cir. 2007).

Defendant's Motion in Limine No. 8 (ECF No. 69) is **HELD IN ABEYANCE**.

28

Plaintiff may introduce evidence of Defendant's financial condition if he establishes a prima facie case for an award of punitive damages.

Plaintiff may not introduce evidence of Defendant's financial condition for the calculation of compensatory damages.

### CONCLUSION

**PLAINTIFF'S MOTION IN LIMINE NO. 1 (ECF No. 59):   GRANTED**

Defendant United Airlines is precluded from introducing evidence or argument speculating as to Plaintiff's motives for filing suit.

**PLAINTIFF'S MOTION IN LIMINE NO. 2 (ECF No. 60)&**
**DEFENDANT'S MOTION IN LIMINE NO. 7 (ECF No. 68):   GRANTED, IN PART, AND DENIED, IN PART**

The evidence of Plaintiff's request for disability benefits from the Social Security Administration is limited to statements made by Plaintiff to the Social Security Administration that are of sufficient relevance and probative weight that concern Plaintiff's ability to perform the essential functions of his position.

Defendant must identify any statement it wishes to introduce in order for the Court to evaluate its admissibility and weigh its probative value against any potential prejudice pursuant to Fed. R. Evid. 403.

**DEFENDANT'S MOTION IN LIMINE NO. 1 (ECF No. 61):   DENIED**

Plaintiff may introduce evidence at trial of his special, compensatory/general, and punitive damages.

**DEFENDANT'S MOTION IN LIMINE NO. 2 (ECF No. 62):   DENIED**

Plaintiff is permitted to introduce evidence concerning his

request for front and back pay to allow the jury to give an advisory verdict pursuant to Fed. R. Civ. P. 39(c)(1).

**DEFENDANT'S MOTION IN LIMINE NO. 3 (ECF No. 63):   GRANTED**

Plaintiff failed to comply with Federal Rules of Civil Procedure 26(a)(2)(C) that would permit him to call Dr. Kevin Hadley as a treating physician expert witness.  Dr. Hadley may testify as a lay fact witness.

**DEFENDANT'S MOTION IN LIMINE NO. 4 (ECF No. 64):   GRANTED, IN PART, AND DENIED, IN PART**

Dr. Annette Shimizu may testify as a lay witness.
AJ Islas and Cherry-Marie Destura may not testify at trial.

**DEFENDANT'S MOTION IN LIMINE NO. 5 (ECF Nos. 65 and 67): DENIED**

Plaintiff may introduce evidence that he requested accommodations from the Defendant.  The question of whether the requests were reasonable, and whether the Parties engaged in an interactive process in good faith to determine whether reasonable accommodations were available, are questions for the jury.

**DEFENDANT'S MOTION IN LIMINE NO. 6 (ECF No. 66):   GRANTED, IN PART, AND DENIED, IN PART**

Plaintiff is permitted to introduce evidence that is relevant to his ADA claim, including evidence relating to damages and potential defenses to that claim.

Defendant may raise an objection at trial if it believes that a particular argument or piece of evidence is irrelevant to Plaintiff's ADA claim and is instead seeking to introduce evidence that is solely related to Plaintiff's previously dismissed claims.

**DEFENDANT'S MOTION IN LIMINE NO. 8 (ECF No. 69)**:   HELD IN
                                                        ABEYANCE

Plaintiff may introduce evidence of Defendant's financial condition if he establishes a prima facie case for an award of punitive damages.

IT IS SO ORDERED.

Dated: April 6, 2023, Honolulu, Hawaii.



Helen Gillmor
United States District Judge